```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

STEVEN MICHAEL RICHARDS,

            Plaintiff,

vs.                              Case No.   2:05-cv-257-FtM-29DNF

CPL. BOB GREY, CPL DEPUTY SHERIFF,
CPL DEMONICA ISON, DEPUTY BENJAMIN
STINSON, CMDR. BETSY VARNOLD,

            Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon initial review of the file in this matter. Plaintiff filed a civil rights complaint form pursuant to 42 U.S.C. §1983 ( hereinafter "Complaint," Doc. #1) on June 2, 2005.  The allegations in Plaintiff's Complaint concern two separate incidents that took place at Immokalee Jail Center on May 22, 2005 in which Plaintiff alleges: 1) he was refused breakfast; and, 2) his lunch tray was placed on the floor "in violation of (FMJS) Florida Model Jail Standards."   Plaintiff attaches as "Exhibit A" to his Complaint a copy of a May 22, 2005 grievance he filed with respect to his claim, to which he states he received an "unsatisfactory response."   Plaintiff also filed a "member misconduct" form on May 24, 2005 which is "pending investigation." Complaint, Section III, ¶C(2).

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of

Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. **No action shall be brought** with respect to prison conditions under section 1983 of this title, or any other Federal law, **by a prisoner confined in any jail**, prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

42 U.S.C. § 1997e(a)(emphasis added).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The Court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998). Moreover, in Porter v. Nussle, 534 U.S. 516 (2002), the Court made clear that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. See also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief offered through the administrative procedures is available).

In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and

exhausted." <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing <u>Alexander</u>, 159 F.3d 1326); <u>Brown v. Sikes</u>, 212 F.3d 1205, 1208 (11th Cir. 2000).

> In <u>Alexander v. Hawk</u>, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:
>
>> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."
>
> 159 F.3d at 1327 (quoting <u>Kobleur v. Group Hospitalization & Medical Services, Inc.</u>, 954 F.2d 705 (11th Cir. 1992)). Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him.

<u>Brown v. Sikes</u>, 212 F.3d 1205, 1208 (11th Cir. 2000).

Admittedly Plaintiff initiated the grievance process by filing an inmate grievance. However, the Court takes judicial notice that

the Collier County Sheriff's Office affords inmates the right to file an appeal.  In particular, Section 7.10-8, which governs inmate grievances, provides: "Inmates dissatisfied with Supervisory level response may file an appeal to the Jail Administrator, or designee within fifteen (15) days of this response."  Plaintiff must avail himself of any administrative appeals process **before** he files an action in federal court.  Here, Plaintiff prematurely filed his Complaint before fully exhausting the administrative processes available to him.

Thus, because exhaustion is a **pre-condition** to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to:  1) permit jail officials an opportunity to investigate and respond to Plaintiff's claim; and, 2) pursue the administrative grievance appeals procedures available to him.  Thus, this case will be dismissed without prejudice to allow Plaintiff to fully exhaust all administrative remedies which are available. If after fully exhausting his administrative remedies, Plaintiff chooses to re-file his action, Plaintiff should submit copies of all of the grievances, appeals, and responses in order to comply with the instructions to the civil rights complaint form.

Accordingly, it is now **ORDERED, ADJUDGED and DECREED:**

1.   This case is **DISMISSED WITHOUT PREJUDICE.**

2.    The Clerk of the Court shall: (1) enter judgment dismissing this case without prejudice; (2) terminate any pending motions; and, (3) shall close this file.

3.    The **Clerk of Court** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff.  If Plaintiff elects to re-file his claims in a separate action **after fully exhausting** his claim against each Defendant, he may complete and submit these forms.  Plaintiff should not place this case number on the forms.  The Clerk will assign a separate case number if Plaintiff elects to re-file his claim.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___9th___ day of June, 2005.

JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record